```
                  UNITED STATES DISTRICT COURT
                      DISTRICT OF MINNESOTA
                  Criminal No. 07-354(DSD/FLN)
                     Civil No. 09-1345(DSD)
```

United States of America,

       Plaintiff,

v.                                                          **ORDER**

Dempsey Antonio Brown,

       Defendant.


This matter is before the court upon defendant Dempsey Antonio Brown's ("Brown") petition to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255. Based upon a review of the file, records and proceedings herein, the court grants Brown's motion.

**BACKGROUND**

On December 18, 2007, Brown pleaded guilty to possession with intent to distribute in excess of five grams of a mixture or substance containing cocaine base in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B). On June 10, 2008, the court determined that Brown was a career offender and sentenced him to a term of imprisonment of 188 months. At sentencing, attorney Robert Davis ("Davis") represented Brown. Brown did not appeal. On June 5, 2009, Brown filed a pro se petition pursuant to 28 U.S.C. § 2255 to vacate his sentence, arguing that he received ineffective assistance of counsel. On August 12, 2009, the court ordered an

evidentiary hearing on the sole issue of whether Davis failed to file a notice of appeal on Brown's behalf.  Both Brown and Davis testified at the March 30, 2010, evidentiary hearing.

**DISCUSSION**

Section 2255 provides a person in federal custody a limited opportunity to challenge the constitutionality, legality or jurisdictional basis of a sentence imposed by the court.  28 U.S.C. § 2255; see United States v. Addonizio, 442 U.S. 178, 185 (1979); Embrey v. Hershberger, 131 F.3d 739, 740 (8th Cir. 1997).  Such collateral relief is an extraordinary remedy.  Bousley v. United States, 523 U.S. 614, 621 (1998).  "Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and, if uncorrected, would result in a complete miscarriage of justice."  United States v. Apfel, 97 F.3d 1074, 1076 (8th Cir. 1996).

Brown's claim of ineffective assistance of counsel is properly raised in a § 2255 motion.  United States v. Ramirez-Hernandez, 449 F.3d 824, 826-27 (8th Cir. 2006); United States v. Martinez-Cruz, 186 F.3d 1102, 1105 (8th Cir. 1999).  "[A]n attorney's failure to file a notice of appeal after being instructed to do so by his client constitutes ineffective assistance entitling petitioner to section 2255 relief, no inquiry into prejudice or likely success on

2

appeal being necessary." Barger v. United States, 204 F.3d 1180, 1182 (8th Cir. 2000) (citation omitted). The defendant bears the burden of proving that he instructed counsel to file an appeal. Id. If the court determines that a defendant requested an appeal and was ignored, the appropriate remedy is resentencing, thus affording the defendant an opportunity to take a timely direct appeal. See id.; Holloway v. United States, 960 F.2d 1348, 1357 (8th Cir. 1992).

At the evidentiary hearing, Brown testified that he first asked Davis to appeal his sentence before sentencing occurred. (Tr. 8.) Brown also testified that he called Davis within the ten-day period following sentencing and requested that he file a notice of appeal. (Id. at 8-10.) Brown recalled that he told Davis that a sentence of 100 months imprisonment would have been better than the 180 months imposed, and that "we should file an appeal on my career-criminal status" and "I want to appeal." (Id. at 9.) According to Brown, Davis repeatedly assured him that he was "going to file the motion." (Id. at 10.) Brown retained no notes of his alleged conversations with Davis regarding the appeal. (Id. at 16.) An Anoka County Jail call log indicates that Brown called Davis's office numerous times in the ten days following sentencing. (Def.'s Ex. 2.)

Davis testified that he met with Brown at the courthouse immediately following sentencing. (Tr. 26.) According to Davis,

3

Brown probably inquired about the likelihood of a successful appeal, and Davis likely advised him that an appeal would be unsuccessful. (Id. at 27-28.) Davis stated that Brown was discouraged and told him "not to bother" appealing. (Id. at 28.) Davis has no record of his meeting with Brown. (Id. at 33-34.) Davis further testified that while it was possible that Brown's request for an appeal may have "slipped through the cracks," he believes that if Brown had made such a request, he would have complied. (Id. at 35.)

In weighing the testimony of the parties, the court is mindful that Brown has an extensive criminal history, including a conviction for use of a false identity. (Id. at 12-13.) In addition, the court notes that Davis is an experienced criminal defense attorney. (Id. at 20-22.) While the court regards Brown's testimony with skepticism, the court is also concerned by Davis's lack of documentation regarding the critical issue of appeal. Therefore, based on the evidence and submissions before the court, the court determines that the interests of justice and due process necessitate resentencing in this case.

## CONCLUSION

Accordingly, **IT IS HEREBY ORDERED** that:

1. Brown's motion to vacate his sentence pursuant to 28 U.S.C. § 2255 [Doc. No. 33] is granted, and;

4

2.   Brown shall be timely resentenced.

Dated:   May 10, 2010

                                        s/David S. Doty
                                        David S. Doty, Judge
                                        United States District Court