UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 07-354(DSD/FLN)

United States of America,

        Plaintiff,

v.                               **ORDER**

Dempsey Antonio Brown,

        Defendant.

This matter is before the court upon the second pro se motion by Dempsey Antonio Brown for a reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2). Based on a review of the file, record and proceedings herein, and for the following reasons, the motion is denied.

The background of this action is set out in prior orders, and the court recites only those facts necessary for the disposition of the instant motion. On December 18, 2007, Brown pleaded guilty to possession with intent to distribute in excess of five grams of a mixture or substance containing cocaine base in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B). At sentencing, the court determined that Brown was a career offender under Guidelines § 4B1.1(a) and sentenced him to a term of imprisonment of 188 months.[1]

---

[1] On June 5, 2009, Brown filed a motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255. See ECF Nos. 33, 34. The court granted the request, but again sentenced Brown as a career offender and imposed the same 188 month term of
(continued...)

On November 7, 2011, Brown filed his first pro se motion for a sentence reduction. On January 23, 2012, the court denied the motion, explaining that because Brown was sentenced as a career offender, he was ineligible for a sentence reduction under the amended crack-cocaine Guidelines. Brown did not appeal the January 23, 2012, order, and instead, filed a second motion for a sentence reduction.

In his motion, Brown acknowledges that he was sentenced as a career offender, but argues that the court should nonetheless reduce his sentence. In support, Brown cites three cases from outside the Eighth Circuit where a court reduced the term of imprisonment of a defendant sentenced as a career offender.[2] This argument, however, is precluded by the Eighth Circuit's decision in United States v. Harris, 688 F.3d 950 (8th Cir. 2012). In Harris, the court explained that the defendant was "not eligible for a reduced sentence based on amendments to the crack-cocaine guidelines ... because his sentence is not based on the crack-cocaine guidelines but, rather, on the applicable career-offender range set forth in § 4B1.1(b)." Id. at 953

---

[1](...continued)
imprisonment at resentencing. See ECF No. 67.

[2] One of these decisions was reversed on appeal. See United States v. Ware, 840 F. Supp. 2d 850 E.D. Pa. 2012), rev'd, 694 F.3d 527 (3d Cir. 2012). The other two decision are from district courts located in the Eleventh Circuit, and have been implicitly overruled. See United States v. Lawson, 686 F.3d 1317, 1321 (11th Cir. 2012).

(citations omitted). The Eighth Circuit's sister jurisdictions agree. See United States v. Ware, 694 F.3d 527, 534 (3d Cir. 2012) (refusing to grant reduction in sentence because defendant was sentenced as a career offender); United States v. Kates, 475 F. App'x 536, 537 (5th Cir. 2012) (unpublished per curiam); United States v. Lawson, 686 F.3d 1317, 1321 (11th Cir. 2012); United States v. Miller, No. 12-2032, 2012 WL 2855791, at *1 (10th Cir. July 12, 2012) (unpublished); United States v. Bonds, 468 F. App'x 620, 620 (7th Cir. 2012) (unpublished per curiam). Brown was sentenced as a career offender, and a reduced sentence is unwarranted. Therefore, the court denies Brown's motion. Accordingly, based on the above, **IT IS HEREBY ORDERED** that the defendant's pro se motion for a reduced sentence [ECF No. 78] is denied.

Dated: October 29, 2012

                                            s/David S. Doty
                                            David S. Doty, Judge
                                            United States District Court