UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 07-354(DSD/FLN)

United States of America,

        Plaintiff

v.                                  **ORDER**

Dempsey Antonio Brown,

        Defendant.


    Andrew Dunne, United States Attorney's Office, 300 South Fourth Street, Suite 600, Minneapolis, MN 55415, counsel for plaintiff.

    Dempsey Antonio Brown, #12076-041, FMC-Rochester, P.O. Box 4000, Rochester, MN 55903, defendant pro se.


This matter is before the court upon the motion by defendant Dempsey Antonio Brown for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2). On December 18, 2007, Brown pleaded guilty to possession with intent to distribute more than five grams of a mixture or substance containing a detectable amount of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B). After determining that Brown qualified as a career offender under U.S.S.G. § 4B1.1, the court sentenced Brown to a term of imprisonment of 188 months. Thereafter, Brown moved under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence due to ineffective assistance. The court determined that his counsel was ineffective in failing to file a notice of appeal to challenge his sentence and vacated his sentence. On resentencing, the court

again determined that Brown was a career offender and reimposed a sentence of 188 months. The Eighth Circuit affirmed. Thereafter, Brown moved twice for a sentence reduction based on amendments to the guidelines. Each time, the court concluded that Brown was not eligible for a sentence reduction due to his career offender status.

Brown now moves again for a reduction in his total sentence pursuant to Amendment 782 of the United States Sentencing Guidelines. The government argues that Brown's status as a career offender precludes application of the amendment in this case. The court agrees.

The court may modify a term of imprisonment when the Sentencing Commission subsequently lowers a sentencing range. 18 U.S.C. § 3582(c). In 2014, the Sentencing Commission promulgated Amendment 782, which retroactively reduces the base offense level for many drug offenses by two levels. See U.S.S.G. §§ 1B1.10, 2D1.1(c); id. app. C, amend. 782. The two-level reduction is not applicable, however, where, as in this case, the defendant is sentenced as a career offender. See United States v. Thomas, 775 F.3d 982, 983 (8th Cir. 2014) (holding that Amendment 782 "did not lower the sentencing range established for a career offender by § 4B1.1").

Accordingly, based on the above, **IT IS HEREBY ORDERED** that the motion for sentence reduction pursuant to 18 U.S.C. § 3582(c) [ECF No. 82] is denied.

Dated:  April 26, 2016.

                                         s/David S. Doty
                                         David S. Doty, Judge
                                         United States District Court