```
                   UNITED STATES DISTRICT COURT
                      DISTRICT OF MINNESOTA
                  Criminal No. 07-354(1)(DSD/FLN)
```

United States of America,

        Plaintiff,

v.                                       **ORDER**

Dempsey Antonio Brown,

        Defendant.

This matter is before the court upon the motion by defendant Dempsey Antonio Brown for a sentence reduction pursuant to Section 404 of the First Step Act. Based upon a review of the file, record, and proceedings herein, and for the following reasons, the court grants the motion.

**BACKGROUND**

On December 18, 2007, Brown pleaded guilty to possession with intent to distribute more than five grams of a mixture or substance containing a detectable amount of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B). After determining that Brown qualified as a career offender under U.S.S.G. § 4B1.1, the court sentenced Brown to a term of imprisonment of 188 months, the bottom of the applicable guideline range of 188 to 235 months, and four years of supervised release. Given the guidelines calculation, the sentence imposed was well above the five-year mandatory minimum sentence required by 21 U.S.C. § 841(b)(1)(B) (2007).

Thereafter, Brown moved under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence due to ineffective assistance of counsel. The court, determining that his counsel was ineffective in failing to file a notice of appeal to challenge his sentence, vacated his sentence. On resentencing, the court again determined that Brown was a career offender and reimposed a sentence of 188 months. The Eighth Circuit Court of Appeals affirmed.

Brown has since moved three times for a sentence reduction based on amendments to the guidelines. Each time the court concluded that Brown was not eligible for a reduction due to his career-offender status. See ECF Nos. 76, 80, 84. In 2017, Brown moved again for relief under § 2255. The court required Brown to request permission from the Eighth Circuit to file a successive motion for relief under § 2255. ECF No. 88. The Eighth Circuit denied that request and the court dismissed Brown's motion. ECF Nos. 90, 92. Brown is currently scheduled to be released on April 20, 2020.

Brown now moves for a reduction in sentence under the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194 (2018). He did so initially pro se, but has since been appointed counsel. The government opposes the motion.

**DISCUSSION**

In 2010, Congress enacted the Fair Sentencing Act, which reduced the disparity between crack and powder cocaine in sentencing by increasing the threshold amounts required to trigger mandatory minimum sentences for crack cocaine offense. An offense must now involve more than 280 grams of crack cocaine, rather than the prior standard of more than 50 grams, to trigger a mandatory minimum sentence of ten years. See 21 U.S.C. § 841(b)(1)(A)(iii). The Act also increased the amount of crack cocaine needed to trigger a five-year mandatory minimum sentence from 5 to 28 grams. See 21 U.S.C. § 841(b)(1)(B)(iii). Offenses involving less than 5 grams of crack cocaine no longer carry a mandatory minimum sentence, and the maximum sentence for such amounts is capped at twenty years. See 21 U.S.C. § 841(b)(1)(C). The Fair Sentencing Act became effective as of August 3, 2010, but Congress failed to give it retroactive effect. See United States v. Orr, 636 F.3d 944, 958 (8th Cir. 2011).

Section 404 of the First Step Act makes the provisions of the Fair Sentencing Act retroactive to defendants who were sentenced before August 3, 2010, and gives the district court the discretion to reduce a defendant's sentence as if the Fair Sentencing Act was in effect at the time of the offense. 18 U.S.C. § 3582(c)(1)(B) provides a mechanism to implement the retroactive changes permitted by the First Step Act by authorizing sentencing reductions when

"expressly permitted by statute." See United States v. Shelton, No. 3:07-329, 2019 WL 1598921, at *3 (D.S.C. April 15, 2019) (collecting cases holding that § 3582(c)(1)(B) applies to the First Step Act).

In order to be eligible for a sentence reduction under the First Step Act, the offense of conviction must be a "covered offense," which is defined as "a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010 ... that was committed before August 3, 2010." First Step Act § 404(a). The government argues that Brown was not convicted of a covered offense because he was responsible for 89 grams of crack cocaine, which triggered a five-year mandatory minimum sentence both before and after the Fair Sentencing Act. See 21 U.S.C. § 841(B)(1)(B)(iii). Brown responds that the court should consider only his offense of conviction - possession with intent to distribute more than 5 grams of crack cocaine - in determining his eligibility for relief. The court agrees with Brown.

Courts, including this one, have determined that eligibility under the First Step Act is determined by looking at the statute of conviction, not the defendant's conduct:

> [I]n determining whether a defendant is eligible for relief under § 404 of the First Step Act, the sentencing court should look to whether the offense of conviction was modified by the Fair Sentencing Act of 2010 to determine eligibility; it should refrain from delving into the particulars of the record to determine how this

> specific defendant committed his or her offense of conviction, and how those facts would have hypothetically affected the charges brought against the defendant under the new statutory regime.

United States v. Pierre, No. 07-cr-003, 2019 WL 1495123, at *5 (D.R.I. Apr. 5, 2019); see also United States v. Broussard, No. 02-cr-210(1), slip op. at 5-6 (D. Minn. Apr. 19, 2019) (finding defendant eligible for relief under the First Step Act based on the offense of conviction, not the amount of crack cocaine defendant was held responsible for); United States v. Allen, No. 3:96-cr-00149, 2019 WL 1877072, at *3 (D. Conn. Apr. 26, 209) ("As a growing number of courts have concluded, 'it is the statute of conviction, not actual conduct, that controls eligibility under the First Step Act.'"); United States v. Dodd, No. 3:03-cr-00018-3, 2019 WL 1529516, at *2 (S.D. Iowa Apr. 9, 2019) ("The First Step Act ... applies to the offenses and not conduct."); United States v. Davis, No. 07-cr-245S(1), 2019 WL 1054554, at *2 (W.D.N.Y. Mar. 6, 2019) (applying a sentence reduction under the First Step Act even though defendant was responsible for at least 1.5 kilograms of cocaine base because "it is the statute of conviction, not actual conduct, that controls eligibility" under the Act); United States v. Laguerre, No. 5:02-cr-30098-3, 2019 WL 861417, at *3 (W.D. Va. Feb. 22, 2019) (concluding that defendant was convicted of a covered offense despite being responsible for 1.5 kilograms of cocaine base because he was charged with and convicted of conspiracy to distribute more than 50 grams of cocaine base).

Brown was convicted of intent to distribute more than 5 grams of crack cocaine. Under the Fair Sentencing Act, Brown is no longer subject to a mandatory minimum term of imprisonment, and his maximum term of imprisonment is now 20 years instead of 40 years. Brown's offense is therefore a "covered offense" under the First Step Act, which means that he is eligible for a sentence reduction.

The adjustment to Brown's statutory penalties also reduces his guideline range. Under U.S.S.G. § 4B1.1(3), the offense level for a career offender convicted of an offense carrying a statutory maximum of 20 years is 32. After applying a three-level decrease for acceptance of responsibility, Brown now has a total offense level of 29 and unchanged criminal history category VI,[1] which results in a guideline range of 151-188 months.

As noted, the First Step Act does not mandate sentence reductions for eligible defendants. Instead, the court has the discretion to determine whether and to what extent a sentence reduction may be warranted. The government argues that Brown's sentence should not be reduced given his extensive and serious criminal history and because, in its view, the court's original sentence was lenient. The court disagrees. The court took Brown's criminal history into account in determining that he was a career offender, which resulted in a much higher guideline range than

---

[1] The court declines to reconsider Brown's career-offender status.

6

would have otherwise applied.  It will not penalize him twice for his past conduct.  The court also disagrees that a 188-month sentence is lenient.

Brown has served more than eleven and a half years in prison and during that time he has had minimal disciplinary issues and has completed various educational courses - including earning a GED - and the residential drug treatment program.  Under these circumstances, the court finds that a sentence reduction to time served is warranted.

## CONCLUSION

Accordingly, based on the above, **IT IS HEREBY ORDERED** that:

1. The motion for a sentence reduction pursuant to Section 404 of the First Step Act [ECF No. 102] is granted; and

2. Defendant's term of imprisonment is reduced to time served;

3. Defendant's term of supervised release is reduced to 3 years;

4. Upon his release, defendant shall reside for a period of up to 120 days in a residential reentry center as approved by the probation officer and shall observe the rules of that facility; and

5. All other aspects of defendant's original sentence shall remain as originally imposed.

Dated: April 29, 2019

<u>s/David S. Doty</u>  
David S. Doty, Judge  
United States District Court